IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CALVIN ERVIN McNAC, #1240121, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1837-P |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently *confined* within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Coffield Unit in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of the Case: A jury convicted Petitioner of sexual assault of a child and sentenced him to twenty years' imprisonment. *State v. McNac,* No. F03-71678-HT (283rd Jud. Dist. Ct., Dallas County). The Fifth District Court of Appeals affirmed the trial court's judgment, and after granting a petition for discretionary review, the Texas Court of Criminal Appeals (TCCA) affirmed the judgment of conviction. *See McNac v. State*, No. 05-06-01360-

CR (Tex. App. – Dallas Aug. 18, 2005, pet. granted), *aff'd*, 215 S.W.3d 420 (Tex. Crim. App. Feb. 14, 2007).

Thereafter, Petitioner sought state post-conviction relief. On January 8, 2008, the Clerk of the Dallas County District Court filed Petitioner's state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. *See Ex parte McNac*, WR-65,494-06, at 2 (Event ID 2360806). The TCCA denied the application without a written order on May 20, 2009. *Id.,* at cover.

In his federal petition, filed on September 29, 2009, Petitioner raises seven grounds for habeas relief: sufficiency of the evidence, perjured testimony, prosecutorial misconduct, conflict of interest, ineffective assistance of trial and appellate counsel, and *Batson* violation.[1]

In response to the court's order to show cause, Respondent filed an answer along with the state court record seeking dismissal of the petition as time barred and, alternatively, denial on the merits. Petitioner filed a response along with a motion for discovery.

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). In this case, the one-year limitations period is calculated

---

[1] The federal petition and brief were dated on September 29, 2009, the same day on which they were received and filed by this court. A review of the envelope reflects a priority mail label along with a postmark of September 28, 2009. Absent additional information, the court deems the federal petition filed as of September 28, 2009, the date it was mailed to this court. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[2]

Petitioner's conviction became final on May 15, 2007, the last day on which he could have filed a petition for writ of certiorari in the United States Supreme Court from the February 14, 2007 TCCA's opinion affirming the decision of the court of appeals. *See* Sup. Ct. R. 13; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). The one-year limitations period began to run on May 16, 2007, the day after Petitioner's conviction became final. As of January 8, 2008, the date on which the clerk filed the art. 11.07 application, 237 days of the one-year limitations period had elapsed. The state application remained pending until its denial on May 20, 2009, during which time the one-year period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2). The one-year period resumed running on May 21, 2009, and expired 128 days later on Friday September 25, 2009, three days before Petitioner can be deemed to have filed his federal petition. Therefore, the federal petition is clearly time barred.[3]

---

[2] Section 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment that prevented him from timely raising his claims under 2244(d)(1)(B). The almost four-month delay in filing Petitioner's art. 11.07 application does not suffice, in and of itself, to raise a state-created impediment. *Cf. Critchley v. Thaler*, 586 F.3d 318, 320-21 (5th Cir. 2009) (state district clerk's failure to file timely prisoner's state application, coupled with its apparent mishandling of state applications filed by other prisoners, constituted a state-created impediment). Moreover, Petitioner does not base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds became known or could have become known prior to the date on which his convictions became final.

[3] Contrary to Petitioner's assertion, the mandate date of March 21, 2007, is inapplicable in calculating the one-year period. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (issuance of a mandate does not control when conviction becomes final for purposes of one-year limitations period). In any event, the mandate date in this case preceded the date on which Petitioner's conviction became final.

3

Throughout his pleadings and attachments thereto, Petitioner refers generally to a first motion for DNA testing, filed on May 25, 2007. *See* Judicial information for No. F03-71678 (available through the Dallas County website). The state court record reflects the motion for DNA testing was denied on June 25, 2007 "because no reasonable grounds exist[ed] for the filing of such a motion." *See* No. WR-65,494-07 (Even ID 2372782) (June 25, 2007 order attached as an exhibit to Pet's pleadings).[4] Lacking any possible merit, Petitioner's motion did not constitute other "collateral review" for purposes of § 2244(d)(2). *Cf. Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007) (holding motion to test DNA evidence under article 64 of the Texas Code of Criminal Procedure constituted "other collateral review" for purposes of § 2244(d)(2) and statutorily tolled the one-year limitations period to the extent the DNA motion sought review of any of the claims at issue in the federal petition). Moreover, Petitioner's pleadings are devoid of any allegations that the first motion for DNA testing sought review of any of the claims at issue in the federal petition. As a matter of fact, none of Petitioner's claims allude in any way to the first motion for DNA testing. As such the first motion for DNA testing clearly falls outside the holding in *Hutson*, and Petitioner is not entitled to statutory tolling.[5]

---

[4] The state court record does not contain a copy of the May 25, 2007 motion for DNA testing.

[5] Statutory tolling is equally unavailable during the pendency of Petitioner's "request for an out-of-time appeal" stemming from the denial of his first motion for DNA testing. (*See* Fed. Pet. at ¶ 11). Nor is statutory tolling available during the pendency of Petitioner's numerous motions for leave to file a petition for writ of mandamus. *See In re McNac*, Nos. WR-65,494-02, WR-65,494-04, WR-65,494-05, and WR-65,494-07. The Fifth Circuit Court of Appeals has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

Petitioner urges the court to find his state application filed as of September 10, 2007, the date the Dallas County District Clerk's Office allegedly signed a certified mail "green card" receipt. (Pet'r May 3, 2010 Resp. at 2.)[6]  Petitioner explains that on September 4, 2007, he mailed his art. 11.07 application along with a second motion for DNA testing to the state district clerk. (*Id.*)  The postal service returned the envelope on September 6, 2007, due to insufficient postage. (*Id.*)  On the same day, Petitioner promptly paid for the additional postage and re-mailed the envelope. (*Id.*)  Relying on the "mailbox rule" and the U.S. Supreme Court's decision in *Houston v. Lack*, 487 U.S. 266 (1998), he asserts the Dallas County District Clerk's Office received the state application on September 10, 2007, more than four months before the one-year period elapsed, yet did not file and process the same until January 8, 2008, after Petitioner sought mandamus relief in the Court of Criminal Appeals. (*Id.* at 2-3.)  Petitioner concedes receiving a letter from the Dallas County District Clerk dated January 8, 2008, informing him that his writ had been filed and processed on that date.  *See* No. WR-65,494-04 (Even ID 2332326). (Pet'r May 3, 2010 Resp. at 4.)[7]

The United States Court of Appeals for the Fifth Circuit has "declin[ed] to extend the mailbox rule to the determination of filing dates for state habeas applications." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Howland v. Quarterman*, 507 F.3d. 840, 845 (5th Cir. 2007) (per curiam) (reiterating Court's analysis in *Coleman* is still valid).  Nor does the Texas state prison mail box rule apply to the filing of Petitioner's state habeas application.

---

[6]  A copy of the "green card" receipt is attached to Petitioner's November 2, 2007 motion for leave to file application for writ of mandamus.  *See* No. WR-65,494-02 (Event ID 2311983).

[7]  The second motion for DNA testing was filed with Petitioner's art. 11.07 writ, not as a stand alone motion in his underlying criminal case.  *See* No. WR-65,494-06, at 172-182.

*See Howland*, 507 F.3d at 844-45.  Nevertheless, this court can consider "whether [Petitioner] is entitled to equitable tolling" for the state district clerk's nearly four-month delay in filing his art. 11.07 writ.  *See Coleman*, 184 F.3d at 402 ("when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, . . . [the court should] examine the facts to determine whether the prisoner is entitled to equitable tolling . . . .").

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstance and due diligence required for equitable tolling.  *See Howland*, 507 F.3d at 845-46; *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).  The United States Court of Appeals for the Fifth Circuit has recognized that to pursue rights diligently, a litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong.  *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on last day and encountering court computer problem that prevented filing lacked due diligence).  Moreover, it is well settled that ignorance of the law, lack of legal assistance, and proceeding *pro se*, even for an incarcerated prisoner, generally do not excuse a late filing.  *See Felder v. Johnson,* 204 F.3d

168, 172 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Following the denial of his art. 11.07 application, Petitioner delayed filing his federal petition by 131 days. On notice of the belated filing of his art. 11.07 application on January 8, 2008, Petitioner knew or should have known that he only had 128 days of the one-year period to act once the state habeas proceedings concluded. Yet he waited 131 days following the denial of his state writ before mailing his federal petition. Petitioner provides no explanation for the 131-day delay. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. Moreover, the Fifth Circuit has recognized that waiting more than four months after the denial of a state habeas petition before submitting the federal petition does not evidence due diligence. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (trial court's alleged error in setting the return date on defendant's application for a supervisory writ did not warrant equitable tolling since defendant, who waited more than four months to file his federal habeas petition after the denial of his application for a supervisory writ, did not expediently file his federal habeas petition); *Baker v. Cain*, 2008 WL 3243993, *3 (5th Cir. Aug. 7, 2008) (citing *Melancon*) (unpublished per curiam) (petitioner was not entitled to equitable tolling because he delayed filing an out-of-time appeal as soon as possible, or at least within the requisite thirty-day period, and waited an additional four months before filing a federal petition after the Louisiana Supreme Court denied relief).

Having squandered what little remained of the one-year period, Petitioner cannot now argue that he is entitled to equitable tolling for the delayed filing of his art. 11.07 writ by the state clerk (from September 10, 2007, until January 8, 2008). Leaving little margin for error is

not cautious and, clearly, not diligent. *See Johnson,* 483 F.3d at 287-88.  "[E]quity is not intended for those who sleep on their rights. *Fisher*, 174 F.3d 710, 715.

Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling).  Therefore, in the exercise of discretion, the District Court should refuse to apply equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as barred by the one-year limitations period, and that Petitioner's discovery motion be DENIED the same being moot.

Signed this 18th day of May, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.